STATE OF NEW JERSEY, TOWNSHIP OF FREEHOLD, PLAINTIFF-RESPONDENT, v. STANLEY DORMAN, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted May 15, 1973—Decided June 5, 1973.

Before Judges KOLOVSKY, MATTHEWS and CRAHAY.

*Mr. Stanley Dorman,* appellant, *pro se.*

*Mr. John A. Kaye,* attorney for respondent.

PER CURIAM. Defendant was found guilty of parking in a fire zone located in a shopping center, in violation of a Freehold Township ordinance. He appealed to the County Court where his conviction was affirmed. He now appeals to this court, contending, as he did below, that under *Title* 39 the State has exclusive jurisdiction over traffic control and, therefore, any ordinance adopted by a municipality concerning traffic must be approved by the director of the Division of Motor Vehicles pursuant to *N. J. S. A.* 39:4–202. He also argues that the fire zone sign in question, which he admittedly saw, did not comply with state regulations for traffic signs.

█ Defendant's argument ignores the clear mandate of *N. J. S. A.* 40A:14–53 (formerly *N. J. S. A.* 40:47–48) and *N. J. S. A.* 40:48–2.46, which grant to municipalities the authority to regulate traffic in parking yards and, in particular, to regulate traffic in fire areas. Under these provisions, municipal control is exclusive, and impliedly no approval from the State is necessary. Defendant cites several statutes, including *N. J. S. A.* 39:5A–1 and *N. J. S. A.* 39:4–1 *et seq.,* which do not directly or impliedly cover parking in fire zones on private property, and hence cannot apply here.

█ Defendant's argument that the fire sign in question did not conform with state law rests on the incorrect assumption that *Title* 39 applied to fire zones. Further, defendant has not made any factual showing as to how the sign failed to comply, nor did he demand that plaintiff show compliance as part of its case.

The judgment below is affirmed.